No. 26,844.

THE STATE OF KANSAS, *Appellee*, v. CECIL APPLEGATE, *Appellant*.

SYLLABUS BY THE COURT.

CRIMINAL LAW—*New Trial—Continuance*. Assignments of error based on refusal of the district court to grant a continuance and to grant a new trial, considered, and held to be without merit.

Appeal from Greenwood district court, division No. 1; ALLISON T. AYRES, judge. Opinion filed December 11, 1926. Affirmed.

*O. C. Zwicker*, of Eureka, for the appellant.

*Charles B. Griffith*, attorney-general, *Roland Boynton*, assistant attorney-general, and *J. F. Darby*, county attorney, for the appellee.

The opinion of the court was delivered by

BURCH, J.:  Defendant was convicted of statutory rape, and appeals.

Defendant contends the district court erred in refusing a continuance. The contention is not predicated on the record, and the brief in support of the contention departs so far from the record that it would be useless for the court to make it a basis of discussion. Consideration of the record in the light of the statute and rules of practice relating to the granting of continuances, compels the conclusion that a continuance was properly denied.

Defendant contends a new trial should have been granted on account of newly discovered evidence relating to the true disposition of the complainant toward defendant. The evidence given at the trial is not abstracted or summarized, or even indicated, in such a way that this court can estimate the importance of the newly discovered evidence. Apparently, it would strengthen the probability of defendant's guilt. Perhaps it would tend to impeach testimony of the complainant. If that were all, it would not authorize the granting of a new trial. Whatever the probative value of the evidence, the district court did not deem it important, and this court cannot say that it was.

The judgment of the district court is affirmed.

Criminal Law, 16 C. J. pp. 451 n. 91, 453 n. 12, 1182 n. 91, 1199 n. 56.